**LABORERS' DISTRICT COUNCIL OF the METROPOLITAN AREA OF PHILADELPHIA AND VICINITY**

v.

**D'ANGELO BROTHERS, INC. and The Contractors Ass'n of Eastern Pennsylvania.**

Civ. No. 88–2692.

United States District Court, E.D. Pennsylvania.

Aug. 22, 1988.

Richard H. Markowitz, Markowitz & Richman, Philadelphia, Pa., for plaintiff.

Thomas J. McGoldrick, McAleese McGoldrick & Susanin, P.C., King of Prussia, Pa., for D'Angelo Bro., Inc. and the Contractors Assoc. of Eastern Pa.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff labor union has moved for summary judgment and an order compelling defendants D'Angelo Brothers, Inc. ("D'Angelo") and the Contractors Association of Eastern Pennsylvania ("CAEP") to arbitrate a labor dispute under the terms of a collective bargaining agreement. The dispute underlying this case is the alleged failure of defendant D'Angelo to assign certain drilling work at the "Liberty Two" construction site in Philadelphia, Pennsylvania, to plaintiff's members. Plaintiff contends that defendant D'Angelo's hiring violated a collective bargaining agreement covering CAEP members.

The collective bargaining agreement that plaintiff bases this action upon covers "Heavy & Highway Construction 5–County Area" (the "Agreement"). The Agreement is by and between defendant CAEP, "acting only as the Negotiating Agent for its members," and the plaintiff. Agreement at 1. Defendant D'Angelo is a member-contractor of CAEP, and thus is an employer governed by the Agreement's provisions. The Agreement was effective from May 1, 1986 to April 30, 1988; this dispute occurred during that period.

Article II, § 1, defines the "Work Jurisdiction—Heavy and Highway Construction" of the Agreement as follows:

Heavy and Highway Construction Work covered by this Agreement includes but is not limited to roads, sewers, bridges, culverts, viaducts, railroads, conduits, waterlines and other pipe lines, airports, dams, reservoirs, sewage disposal plants and water treatment plants and subways.

Article II also defines the territorial jurisdiction of the Agreement as all work in five-counties, including Philadelphia. Agreement, art. II, § 2.

Article XI, §§ 1–2, requires all disputes to be heard by a Grievance Committee, and if still unresolved, by an Arbitration Board empowered to issue binding orders. Plaintiff's motion for summary judgment is based on this arbitration provision. Defendants have refused plaintiff's demand for arbitration of the Liberty Two dispute.

Summary judgment requires "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ. Proc. 56(c). In reviewing the record, the non-movant's allegations are taken as true. See E.M. Diagnostic Systems, Inc. v. Local 169, 812 F.2d 91, 94 (3d Cir.1987). The plaintiff reasons that, because the defendants are parties to the Agreement and the Agreement's arbitration provision covers "all grievances," no factual dispute exists. Plaintiff thus urges this court to dispatch the Liberty Two dispute to arbitration.

Although plaintiff's reasoning is sound, it erroneously assumes an essential precondition to enforcement of the Agreement: that the Agreement applies to the defendants' acts in regard to the Liberty Two dispute. It is the court's responsibility to determine the threshold question of arbitrability. "The duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial determination that the collective bargaining agreement does in fact create such a duty." AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed. 2d 648 (1986) (quoting John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 546–47, 84 S.Ct. 909, 912–13, 11 L.Ed.2d 898 (1964)). See also, e.g., Westinghouse Broadcasting Co. v. Local 804, 616 F.2d 97, 98 (3rd Cir.1980).

■ The defendants disagree in several ways with plaintiff's definition of the work jurisdiction of the Agreement. First, defendant CAEP argues that the Agreement simply does not bind it in regard to a specific hiring dispute. CAEP claims that it does not directly employ any workers covered by the Agreement, but that it is

only the negotiating agent for member employers. Answer ¶ 6. The Agreement at 1 confirms that "the liability of [CAEP] shall be only that of a Negotiating Agent, acting without liability for the acts of its individual members." As the present dispute concerns only an act of defendant D'Angelo, summary judgment against defendant CAEP must be denied.

 Defendant D'Angelo, unlike CAEP, is a member employer with duties under the Agreement. Defendant D'Angelo nevertheless challenges the Agreement's jurisdiction, not over D'Angelo as a CAEP member-contractor, but over the disputed job at the Liberty Two site. Both defendants disagree with plaintiff's characterization of the Liberty Two job as "heavy and highway construction," and conclude that the Agreement does not cover this dispute.

The definition of "heavy construction" in Article II, § 1, does not specifically include or exclude drilling work on a building site from the Agreement's scope. The record presents conflicting interpretations of the nature of the work at Liberty Two. Plaintiff claims the drilling work was heavy construction traditionally performed by its members. McBride Affidavit ¶ 4. In direct contradiction, defendants argue the work was not heavy construction, but building construction work. Their evidence indicates that Philadelphia's General Building Contractors Association has an agreement with plaintiff that covers jobs such as those associated with Liberty Two. Smith Affidavit ¶ 5. In addition, they claim that work like the job in question is historically assigned, not to plaintiff's members, but to members of the Pile Drivers' Local 454. Smith Affidavit ¶ 8.

The record reveals considerable disagreement over the factual question of whether the Heavy and Highway Construction Agreement covers the Liberty Two dispute. Although doubts over arbitrability are to be resolved in favor of coverage, plaintiff's evidence falls short of reaching, under the standard of summary judgment, the broad protection of this principle. Retention of this action makes no pronouncement as to the merits of the Liberty Two dispute itself (as defendants have urged the court to do), but is solely based on determining the arbitrability of the dispute. *See AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 647, 106 S.Ct. 1415, 1417, 89 L.Ed.2d 648 (1986).

Accordingly, I deny plaintiff's motion for summary judgment as to both defendant CAEP and defendant D'Angelo.